## CARRERA v. BUCHOZ.

No. 3807.

Court of Civil Appeals of Texas. El Paso.

March 16, 1939.

Rehearing Denied March 30, 1939.

R. C. Walshe, of El Paso, for appellant.

Del W. Harrington and A. L. Carlton, both of El Paso, for appellee.

WALTHALL, Justice.

N. G. Buchoz, as plaintiff, brought this suit against P. E. Carrera, as defendant, to recover a commission as a real estate broker, alleged to be due him, upon the alleged agreement with defendant that defendant listed the land for sale with him, and to the effect that if plaintiff should find a purchaser for the land at the price stated defendant would pay plaintiff the customary and agreed commission for the sale. Plaintiff alleged that he did procure a purchaser for the land in the person of L. A. Burns. Plaintiff alleges in detail the action he took under said listing agreement; that at his own expense he advertised in the newspapers that he had the land listed for sale, and that as a result of such advertisement he was visited at his office by L. A. Burns, who was interested in becoming a purchaser of the land; that he took Burns to see the land; that Burns was pleased with it and that Burns did purchase the land as the result of plaintiff's services.

Defendant answered by general and special denial; alleged that at one time defendant did list the property for sale with plaintiff; that thereafter and at the time of the sale of the land plaintiff's agency and listing of the land had been revoked and withdrawn by defendant; that defendant had the land listed for sale with various agencies and that A. H. Johnson sold the land to Mrs. C. A. Sibley, and that on her order, as provided in said contract of sale, the deed was made to Burns.

By supplemental petition plaintiff denied the revocation and withdrawal of the listing of land with plaintiff for the procurement of a purchaser.

The case was submitted to and tried by the court without a jury. The court heard the evidence and ordered and decreed that plaintiff have judgment against

defendant for the commission, stating the sum, with interest, and costs of suit.

Defendant appeals.

## Opinion.

The trial court filed findings of fact and conclusions of law.

Abbreviated, we state in substance some of the trial court's findings of fact:

1. Several years prior to 1937, defendant listed the land for sale with plaintiff, engaged in the real estate business, with the agreement that plaintiff was to receive five percent commission on the listed price, in the event he procured a buyer for the land.

2. The listing was an open listing; the land was listed with other real estate brokers, among them was A. H. Johnson.

3. During 1937, plaintiff interested L. A. Burns in the purchase of the land; plaintiff took Burns over the land, was present when Burns and defendant discussed the proposed sale of the land to Burns; plaintiff "occupied himself upon several occasions in negotiating between the said L. A. Burns and the defendant in regard to the sale of the land."

5. Johnson showed the land to L. A. Burns in 1936; at no time did he show the land to Mrs. C. A. Sibley, the sister-in-law of L. A. Burns.

6. On December 27, 1937, Mrs. C. A. Sibley, signing as purchaser, and A. H. Johnson executed an earnest money receipt and contract of sale, and Mrs. Sibley deposited $500 as earnest money.

8. On February 9, 1938, P. E. Carrera and wife executed and delivered to Mrs. L. A. Burns a deed to the property for a total consideration of $10,500, and L. A. Burns paid to defendant the balance of the purchase price.

10. Defendant paid to Johnson a commission for making the sale.

11. The sale of the property was to L. A. Burns, and the plaintiff, N. G. Buchoz, was the procuring cause of the sale of the land to L. A. Burns.

12. Five per cent commission upon the purchase price is the customary and reasonable commission upon such sale.

The controlling fact issues in the case are, whether plaintiff found a purchaser for the land who was ready, able and willing, and who did buy on terms satisfactory to the seller.

We have carefully read the evidence, and the evidence is amply sufficient to sustain each of the court's several findings of fact. Some of the facts found were not in issue; some are evidentiary only, but they furnish a history of the transaction resulting in the sale of the property.

It is unfortunate that defendant paid a commission to a salesman who did not find the buyer; but plaintiff was not responsible for such payment.

Defendant submits many points suggesting error. We have considered each of them. We see no useful reason to discuss them. We have stated above the controlling issues in the case.

The points submitted are each overruled.

The case is affirmed.